IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tammy C. Powell, | ) | |
| | ) | Cr. No. 1:11-2132 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Movant Tammy C. Powell is an inmate in custody of the Federal Bureau of Prisons.  She currently is housed at FCI-Aliceville in Aliceville, Alabama.  On July 24, 2013, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  ECF No. 317. Movant filed an amended § 2255 motion on October 7, 2013.  ECF No. 333.  On February 20, 2014, Respondent United States of America (the "government") filed a response and motion for summary judgment.  By order also filed February 20, 2014,  pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if she failed to respond adequately.  Movant filed no response in opposition to the government's motion.

## I.  FACTS AND PROCEDURAL HISTORY

On September 21, 2011, a grand jury returned an indictment charging Movant with conspiracy to possess with the intent to distribute and to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1).  On January 10, 2012, the government filed an Information pursuant to 21 U.S.C. § 851, notifying Movant that she was subject

to increased penalties based upon a prior state court conviction for Drugs/Manufacture/Distribution of drug other than cocaine near a school. ECF No. 151. On February 28, 2012, Movant executed a plea agreement in which she pleaded guilty to Count 1. ECF No. 165. Among other things, the plea agreement provided that Movant was subject to a mandatory minimum term of imprisonment of twenty years incarceration under 21 U.S.C. § 841(a)(1) and (b)(1)(A). Id. ¶ 1. The plea agreement provided that Movant agreed to be fully truthful and forthright with federal, state, and local law enforcement agencies; that she would testify as required; and that she would submit to such polygraph examinations as might be requested by the government. Id. ¶¶ 7, 8. The plea agreement further provided that, should Movant cooperate to the satisfaction of the government, and her cooperation be deemed by the government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the government would move the court for a downward departure or reduction in sentence pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35(b). Id. ¶ 10. Movant also stipulated in the plea agreement that she has one prior felony drug conviction, that the government had filed a § 851 enhancement, and that she would not contest the Information. Id. ¶ 11. Movant agreed to abandon all claims to a .38 caliber Derringer with an obliterated serial number. Id. ¶ 13.

Movant came before the court for a change of plea hearing on February 29, 2012. During the plea colloquy, trial counsel advised the court that he had discussed the § 851 enhancement with Movant and that he had advised Movant of his opinion that the enhancement applied to her case. Transcript of Change of Plea Hearing, ECF No. 346, 6 (discussing application of United States v.

2

Smith, 451 F.3d 209 (4th Cir. 2006), and United States v. Howard, 115 F.3d 1151 (4th Cir. 1997)).[1] Movant affirmed to the court that she understood trial counsel's position and that she wished to go forward with her change of plea. Id. at 7. The court reviewed the indictment and elements of the offense, and informed Movant that she was subject to a mandatory minimum term of imprisonment of twenty years and a maximum term of life imprisonment. Id. at 30. The government summarized the terms of Movant's plea agreement, after which Movant indicated that she understood its terms. Id. at 33-37. Movant informed the court that no one had promised what sentence she would receive. Id. at 37. Movant informed the court that, other than the plea agreement, no one had promised her anything or held out any hope of reward to get her to plead guilty. Id. at 38.

The government thereupon summarized the evidence, which included evidence that Movant and her indicted coconspirators would travel to Atlanta, Georgia three to five times a week and purchase half ounce to ounce quantities of crystal methamphetamine from Movant's source of supply. Id. at 39-40. Movant and her coconspirators would return to Aiken, South Carolina, to distribute the methamphetamine. Id. at 40. Movant agreed with the facts and that the amount was 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine. Id. at 42.

A presentence investigation report (PSR) was filed by the United States Probation Office (USPO). Movant was held accountable for 3.4872 kilograms of methamphetamine, for a base offense level of 34. Movant received a two-level enhancement for possessing a dangerous weapon, and a four-level enhancement for being an organizer or leader of a criminal activity involving five

---

[1] These cases stand for the proposition that prior felony drug convictions that fall within the conspiracy period may be used to enhance a defendant's sentence if he continued to participate in the conspiracy after his earlier convictions were final. Smith, 451 F.3d at 224-25.

or more participants, for an adjusted offense level of 40. Movant received a three-level reduction for acceptance of responsibility, which yielded a total offense level of 37. Her criminal history category was I, for a sentencing range under the United States Sentencing Guidelines of 210-262 months. However, because Movant was subject to a statutory minimum sentence, her guidelines range became 240-262 months incarceration.

Movant interposed the following objections to the PSR:

1.    Paragraph 72 (Base Offense Level): While we agree with the threshold amount in Paragraph 72 which puts Ms. Powell's offense level at 34, we believe the total amount of drugs attributed to her in the report is inflated and overstates her actual conduct.

2.    Paragraph 75 (Application of U.S.S.G. § 3B1.1(a)): Secondly, we object to the role adjustment in Paragraph 75, although we readily admit Ms. Powell was an integral part of the conspiracy. However, the entire tenor of the report suggests that the co-defendants in this case were working for Ms. Powell. In fact, the co-defendants were not selling for Ms. Powell. They were selling for themselves. They did buy from Ms. Powell or rely on Ms. Powell's source, but Ms. Powell received no benefits from the drug sales by co-conspirators. Further, Ms. Powell specifically denied that she ever influenced anyone to use "ice" or hired anyone to "take charges for her" as indicated in the presentence report. Nor is it true that Ms. Powell used an individual to go to Georgia with her because he was "a mentally challenged individual." A man named Doug did, on occasion, ride with her to Atlanta, but he is not "mentally challenged". Please note there is no evidence to suggest that co-conspirators stopped going to Atlanta to secure drugs after Ms. Powell's arrest. Ms. Powell and her co-conspirators had the same source.

3.    Paragraph 120 (Factors that may warrant departure): In response to Paragraph 120, Ms. Powell respectfully submits that she has fully cooperated with the United States since becoming a target of the grand jury. Counsel was appointed for Ms. Powell when she was in state custody on November 4, 2010. Ms. Powell sat down with and was interviewed by DEA in February of 2011, many months before an indictment was returned in this case. Both Ms. Powell and defense counsel strongly believe Ms. Powell is deserving of a downward departure based on substantial assistance.

ECF No. 230-1.

4

Movant came before the court for sentencing on July 25, 2012. At the hearing, trial counsel withdrew the objections on the ground that, even if the court sustained his objections, Movant still was subject to a statutory mandatory minimum sentence of 240 months incarceration. Trial counsel also conceded that Movant's state court drug offense, while within the scope of the conspiracy, nevertheless qualified as a prior felony drug offense for purposes of an enhanced sentence under § 851. See United States v. Howard, 115 F.3d 1151 (4th Cir. 1997) (affirming that a conviction during the course of a conspiracy can form the basis for a sentencing enhancement when criminal activity occurs after the conviction). Transcript of Sentencing Hearing, ECF No. 345, 2-3. Trial counsel also informed the court that the government had explained to him a motion for downward departure was not yet ripe, and would be filed upon the completion of Movant's cooperation. Id. at 5. Accordingly, trial counsel withdrew each of the three objections to the PSR. Movant affirmed to the court that she agreed with withdrawing the objections. Id. at 4-5.

Movant was sentenced to incarceration for a term of 240 months. Judgment was entered on July 25, 2012. ECF No. 224.

Movant raises the following issues in her timely-filed § 2255 motion, as amended:

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

(1) Counsel coerced [Movant] into a guilty plea by the promise she would receive a sentence below 14 years.

(2) Counsel coerced [Movant] into proceeding to the sentencing hearing on the promise she would be brought back to court post-sentencing for a sentence reduction.

(3) Counsel withdraw sentencing objections without the consent of [Movant].

(4) Counsel failed to argue the 851 factors used to enhance her sentence.

GROUND TWO: GOVERNMENT BREACHED THE PLEA AGREEMENT

(1) Government failed to file a 5K1.1 motion for substantial assistance prior to Movant's sentencing hearing.

(2) Government failed to address, at sentencing, whether or not [Movant] provided substantial assistance.

(3) Government promised to file a Rule 35 motion post-sentencing. [Movant] testified for the government at her co-defendant's sentencing hearing. The government failed to file a Rule 35 motion.

(4) Government emailed [Movant's] former attorney, stating he (AUSA Witherspoon) would file the Rule 35 motion after he was finished [with] a particular trial. After that trial was completed, AUSA Witherspoon failed to keep his promise to file the Rule [35] motion for [Movant].

GROUND THREE: PLEA AGREEMENT WAS INVOLUNTARY

(1) Government breached the plea agreement.

(2) Counsel promised [Movant] a sentence under 14 years.

(3) Counsel promised [Movant] she would be brought back to court, post-sentencing, for a sentence reduction. [Movant] was never brought back to court to receive a reduction in her sentence.

ECF No. 333, 4-7.

On February 25, 2014, the government filed a motion for reduction of sentence pursuant to Rule 35(b). ECF No. 360. The government's motion was granted on March 18, 2014, and an amended judgment was entered on March 18, 2014 in which Movant's sentence was reduced to incarceration for a period of 151 months. ECF No. 365.

## II. DISCUSSION

A.    Breach of Plea Agreement and Involuntary Plea (Grounds Two and Three)

As an initial matter, the court concludes that Movant's Grounds Two and Three are moot. The gravamen of Grounds Two and Three is that Movant did not receive a reduction in sentence for

substantial assistance.  The government now has moved pursuant to Rule 35(b) and Movant's sentence has been amended accordingly.

B.     Ineffective Assistance of Counsel (Ground One)

Movant argues that trial counsel was ineffective by (1) promising her she would receive a sentence below 14 years; (2) promising her she would receive a post-sentencing reduction; (3) withdrawing sentencing objections without consent; (4) failing to argue the § 851 factors used to enhance her sentence.  To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688.  Movant also must demonstrate that she was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different.  See id. at 694.  Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.  Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment.  Id. at 694.

In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the Supreme Court held that, in order to prove ineffective assistance of counsel subsequent to a guilty plea, a movant must show that (1) counsel's errors were below a standard of reasonable competence, and (2) but for those errors, the movant would not have pleaded guilty but would have proceeded to trial.  "A guilty plea is constitutionally

7

valid if it represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." United States v. Roberts, 426 F. App'x 195, 196 (4th Cir. 2011) (quoting United States v. Moussaoui, 491 F.3d 263, 278 (4th Cir. 2010)) (internal quotation marks omitted).

      1.    Promises of sentence reduction. Movant contends that she questioned trial counsel regarding the statutory mandatory minimum sentence set forth in the plea agreement. According to Movant, trial counsel responded, "I know, but if I did not think I could get you under 14 years, I would not have you sign it." ECF No. 333-1, 4. Movant asserts that trial counsel then explained how Movant could get a reduced sentence pursuant to U.S.S.G. § 5K1.1, and based on his assurance, Movant executed the plea agreement. Id. at 5. Movant states that prior to sentencing trial counsel informed her that the government would not be filing a motion for downward departure pursuant to § 5K1.1, at which time she indicated she wished to withdraw her plea. Id. at 5-6. Movant contends that trial counsel thereupon made her a new promise that she would receive a Rule 35(b) reduction at a later date. Movant contends it was unreasonable for trial counsel to make promises regarding the sentence she would receive when his promises failed.

      Regarding trial counsel's alleged promise of a § 5K1.1 reduction, Movant averred at the plea colloquy that no one had promised what sentence she would receive or promised her anything to get her to plead guilty. Movant's contention that trial counsel promised she would receive a fourteen-year sentence is contrary to her solemn declarations, under oath, made at the change of plea hearing. Such declarations carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

      Further, by Movant's own recitation of the facts, trial counsel's advice was that Movant would receive the benefit of a reduction in sentence if she cooperated with the government. The

court does not find that trial counsel's advice is outside the wide range of professional assistance. Even if trial counsel was ineffective in providing such information to Movant, Movant cannot show prejudice. Movant received a reduced sentence of approximately twelve and one-half year's incarceration based on her substantial cooperation. Movant's claims are without merit.

2. Withdrawal of sentencing objections. Movant did not expand on this ground for relief. However, the court notes that Movant informed the court at sentencing that she agreed with trial counsel's decision to withdraw the objections to her PSR. Movant also cannot demonstrate prejudice because, as trial counsel stated at the sentencing proceeding, the court's sustaining the objections would have had no effect on the judgment. Movant's claim is without merit.

3. Failure to argue against § 851 enhancement. Movant also did not expand on this ground for relief. A review of the record demonstrates that a number of Movant's co-conspirators challenged the government's position that they were subject to an enhanced sentence under 21 U.S.C. § 851. These co-conspirators took the position that the various felony drug convictions set out in each respective § 851 Information took place after the conspiracy terminated, and thus could not be used to enhance their sentences. See United States v. Smith, 451 F.3d 209 (4th Cir. 2006), and United States v. Howard, 115 F.3d 1151 (4th Cir. 1997).

The indictment provided that the conspiracy to which Movant pleaded guilty commenced by at least January 2007 and continued to the time of the indictment on September 21, 2011. The § 851 Information referenced Movant's arrest on January 28, 2010, which led to a conviction for possession with intent to distribute methamphetamine within proximity of a school. She was sentenced on May 25, 2010 to five years incarceration suspended upon time served and three years probation. ECF Nos. 151 (§ 851 Information), ECF No. 230, ¶¶ 16, 17, 58 (PSR). Movant

continued her drug activity, as evidenced by her arrest on July 22, 2010 by the Aiken County Sheriff's Office for possession with intent to distribute methamphetamine - 2nd, possession of a Schedule IV controlled substance - 2nd, and possession of a Schedule III controlled substance - 2nd. Id. ¶¶ 39, 40, 66.  Trial counsel correctly determined that, although Movant's prior state court felony drug conviction fell within the conspiracy period, it could be used to enhance Movant's sentence because she continued to participate in the conspiracy after her state court sentence was suspended upon time served.  Trial counsel was ineffective for failing to make a meritless objection.  See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996).  Movant's claim is without merit.

### III.  CONCLUSION

For the reasons stated, the government's motion for summary judgment (ECF No. 355) is **granted** as to Ground One of Movant's amended § 2255 motion.  Grounds Two and Three of Movant's amended § 2255 motion are **denied as moot**.  In all other respects, Movant's § 2255 motion, as amended (ECF Nos. 317, 333), is **denied and dismissed**, with prejudice.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly,

the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 30, 2015

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**